FILED
MAY 19 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Bradley Joseph Lawrence Savoy
Plaintiff,
v.
Tulsa Police Department,
City of Tulsa,
EMSA (Emergency Medical Services Authority),
Hillcrest Medical Center,
Tulsa County,
David L. Moss Correctional Center,
Oklahoma Forensic Center,
Courtney Rainbolt,
Defendants.

25 CV - 2 4 5 CVE - MTS

Case No:
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983); MEDICAL MALPRACTICE; IDENTITY THEFT; LEGAL MALPRACTICE

PRELIMINARY STATEMENT

1. Plaintiff Bradley Joseph Lawrence Savoy brings this action under 42 U.S.C. § 1983 and Oklahoma state law for violations of his constitutional rights, including unlawful arrest, excessive force, medical negligence, identity fraud, and denial of due process.

2. This action stems from events that began on August 30, 2021, in Tulsa, Oklahoma, and resulted in Plaintiff's unlawful incarceration for nearly two years.

3. Due to severe psychiatric medication and systemic abuse in both Oklahoma and Louisiana, Plaintiff was not aware of his legal rights or how to assert them until recently. This complaint is filed as soon as practically possible after regaining mental clarity and gaining access to information through modern technology.

JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in the Northern District of Oklahoma under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Tulsa, Oklahoma.

PARTIES

6. Plaintiff: Bradley Joseph Lawrence Savoy, a U.S. citizen and current resident of New Orleans, Louisiana.

7. Defendant EMSA: A public ambulance service operating in Tulsa, Oklahoma.

8. Defendant Hillcrest Medical Center: A hospital located in Tulsa, Oklahoma.

9. Defendant Tulsa Police Department: The law enforcement agency responsible for policing Tulsa.

10. Defendant City of Tulsa: Municipality responsible for overseeing police and emergency services.

11. Defendant Tulsa County: Local government responsible for the David L. Moss Correctional Center.

12. Defendant Oklahoma Forensic Center: A state facility where Plaintiff was involuntarily committed and medicated.

13. Defendant Courtney Rainbolt: A public defender employed by Tulsa County who committed legal malpractice and failed to protect Plaintiff's rights.

FACTUAL ALLEGATIONS

14. On or about August 30, 2021, Plaintiff experienced a heat-related illness while in Tulsa, Oklahoma.

15. No emergency call was made by Plaintiff or any other party; Tulsa Police arrived and forced Plaintiff into an EMSA ambulance without his consent or any lawful basis.

16. EMSA personnel harassed Plaintiff and falsely reported to Hillcrest Hospital that he had been walking around naked, a fabrication meant to justify their actions.

17. Plaintiff was in and out of consciousness during the EMSA transport. Upon arrival at Hillcrest, he was given an injection and rendered unconscious.

18. Upon briefly regaining consciousness, a nurse told Plaintiff he had suffered a kidney-related issue and repeated the false statement that he had been found naked.

19. Hillcrest staff presented Plaintiff with a birthday cake, stating it was his birthday. Plaintiff was confused and objected, as his real birthday was not August 30.

20. Plaintiff later discovered the hospital had used falsified insurance information with a fake birthdate.

21. When Plaintiff asked for his belongings and stated his real identity, Hillcrest staff called security. Security guards cursed at him, handcuffed him using excessive force, and dragged him out of the hospital.

22. Tulsa Police were waiting outside and arrested Plaintiff without probable cause based on the false information given by Hillcrest staff.

23. Plaintiff spent 20 months incarcerated at David L. Moss Correctional Center and an additional 3 months at the Oklahoma Forensic Center.

24. Public Defender Courtney Rainbolt disregarded Plaintiff's testimony and described his account as "bizarre," requesting a competency hearing.

25. Plaintiff demanded a jury trial and refused to speak with the state's doctor, invoking his right to remain silent.

26. The court held the hearing without Plaintiff's presence or a jury, falsely stating that Plaintiff agreed with the doctor's findings.

27. The judge then authorized forced psychiatric medication, violating Plaintiff's bodily autonomy and due process rights.

28. In June 2024, Plaintiff learned that Hillcrest Hospital had changed his first name to "Joseph" in its computer system, apparently in an attempt to cover up their misconduct.

29. Plaintiff later received official correspondence from Tulsa County acknowledging an identity theft investigation involving his records (Exhibit B).

30. For years, Plaintiff was unaware of his constitutional rights because the City of New Orleans has also subjected him to similar abuse.

31. Plaintiff only recently became fully aware of the legal violations he suffered after the effects of psychiatric medication wore off and he gained access to information through modern technology, including civil rights materials, court rules, and precedent cases.

32. As a result, Plaintiff's delay in filing is justified under the doctrine of equitable tolling or tolling due to incapacity and lack of access to legal resources.

CAUSES OF ACTION

Count I – 42 U.S.C. § 1983 – False Arrest & Excessive Force

(Against EMSA, Hillcrest, Tulsa Police)

Count II – 42 U.S.C. § 1983 – Deliberate Indifference to Medical Needs

(Against EMSA, Hillcrest, David L. Moss, Oklahoma Forensic Center)

Count III – 42 U.S.C. § 1983 – Denial of Due Process

(Against Tulsa County, Public Defender Rainbolt, and presiding Judge if identified)

Count IV – Medical Negligence / Malpractice

(Against Hillcrest and Oklahoma Forensic Center)

Count V – Identity Theft & Data Fraud

(Against Hillcrest and Tulsa County)

Count VI – Legal Malpractice

(Against Courtney Rainbolt)

Count VII – Equitable Tolling Justification

(For the delay in filing due to forced medication, impaired cognition, and systemic suppression of Plaintiff's rights)

RELIEF REQUESTED

Plaintiff respectfully demands:

DEMAND FOR DAMAGES
Plaintiff demands judgment against the Defendants, jointly and severally, as follows:
1. Compensatory Damages:
a. For 23 months of wrongful incarceration: $2,000,000
b. For forced medical treatment and psychological abuse: $1,000,000
c. For emotional distress, pain and suffering, and humiliation: $2,000,000
d. For identity fraud and falsification of medical records: $500,000
e. For loss of earnings, opportunities, and future hardship: $1,000,000
2. Punitive Damages:
a. Against all Defendants for willful and reckless disregard of Plaintiff's rights: $25,000,000
TOTAL DAMAGES DEMANDED: $31,500,000
Plaintiff further demands trial by jury on all issues so triable.

EXHIBITS

Exhibit A: Police report from Tulsa Police Department

Exhibit B: Tulsa County letter confirming identity theft

Respectfully submitted,

*/s/ BJSY 05/13/2025*

Bradley Joseph Lawrence Savoy
7818 Collapissa Street
New Orleans, LA 70125
Email: bradleysavoy777@gmail.com
Phone: 504-418-4103
Pro Se Plaintiff

Bradley Seyler
7818 Colapissa St.
New Orleans, LA 70125

RECEIVED
MAY 19 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

Clerk of Court
United States District Court
Northern District of Oklahoma
333 West Fourth St., Room 411
Tulsa, OK 74103

U.S. POSTAGE PAID
FCM LETTER
NEW ORLEANS, LA 70118
MAY 13, 2025
$1.02

RDC 99
74103
25 CV - 245 CVE - MTS

